# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50752
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTONIO MURO, JR.,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:17-CR-359-2

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Antonio Muro, Jr., challenges the 66-month within-Sentencing Guidelines sentence imposed after he pleaded guilty to aiding and abetting possession, with intent to distribute, 100 kilograms or more, but less than 1000 kilograms, of marihuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He asserts: his sentence is substantively unreasonable; and, in that regard, the district court should instead have imposed the statutory minimum

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

sentence of 60 months, which was also within the advisory Guidelines sentencing range.  Along that line, Muro contends the court should have taken into account the lower likelihood of recidivism in the light of his age, his difficult childhood, his steady work history, and the needs of his family.  Although Muro acknowledges his offense was serious, he claims the crime's not involving violence or a weapon meant there was no need for an additional six months to protect the public.  According to Muro, the time above the statutory minimum was imposed solely for the purpose of punishment.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Muro, however, did not object to his imposed sentence; therefore, we instead review only for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007).  Under that standard, Muro must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*  (Muro acknowledges application, in this instance, of this narrow standard of review, *see, e.g.*, *Peltier*, 505 F.3d at 391–92, but preserves for possible further review

No. 18-50752

a challenge to applying the plain-error standard when no objection to the reasonableness of the sentence is made after it is imposed.)

Muro's within-Guidelines sentence is entitled to a presumption of reasonableness. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). His speculative belief the court relied solely on punishment to reach the 66-month sentence, combined with his general assertion that his favorable personal factors outweighed the seriousness of the offense and his disagreement with the court's weighing of the 18 U.S.C. § 3553(a) factors, does not show the requisite clear or obvious error, especially in the light of the above-described presumption. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.